IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                           ) CASE NO. 1:19-cr-457-RAH<br>)<br>ESSAU REBOLLEDO-ZOLLANO        ) | |

**MEMORANDUM OPINION and ORDER**

Pending before the Court is the Motion to Continue (Doc. 49) filed by Defendant Essau Rebolledo-Zollano on August 7, 2020. Jury selection and trial are currently set in this case on the term of court commencing on August 24, 2020. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the seventy-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant

or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

A superseding indictment recently was issued in this case. In addition, Defense counsel has had difficulties meeting with the Defendant due to COVID-19 restrictions. Defense counsel states that additional time is necessary to review discovery and prepare for trial. The United States does not oppose a continuance.

For good cause, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, it is

ORDERED as follows:

(1) To the extent the Defendant seeks a continuance of trial, the Motion to Continue (Doc. 49) is GRANTED.

(2) Jury selection and trial are CONTINUED from August 24, 2020, to the criminal term of court commencing on December 7, 2020 at 10:00 a.m. in Dothan, Alabama. All deadlines tied to the trial date are adjusted accordingly.

(3) The United States Magistrate Judge shall conduct a pretrial conference prior to the December trial term.

DONE, this 11th day of August, 2020.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE